## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ORLANDO RIVERA-FUENTES [5],<br>ERNESTO MARTINEZ GONZALEZ [7],<br>CARLOS CAMACHO-SANTIAGO [14],<br>HELVIS ORTIZ RIVERA [18],<br><br>**Defendants**. | **CRIMINAL NO.** 12-413 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are defendants Orlando Rivera-Fuentes', Ernesto Martinez-Gonzalez's, Carlos Camacho-Santiago's, and Helvis Ortiz-Rivera's motions to dismiss the indictment for violations of the Speedy Trial Act ("STA") and the Sixth Amendment of the U.S. Constitution (Docket Nos. 1071, 1074, 1082 & 1085),[1] and the United States's response (Docket No. 1084). For the reasons that follow, the Court **DENIES** defendants' motions.

---

[1] The docket text for this motion states "Motion to adopt other co-defendants motions" and refers to the motion to dismiss on speedy trial grounds at docket number 1071. The document uploaded, however, is a motion to adopt other codefendants' motions to sever, dated September 12, 2013. Because the motion was seemingly uploaded by mistake, the Court granted Mr. Martinez's motion as phrased in the docket text (Docket No. 1087), and will consider Mr. Martinez as having joined the motions to dismiss.

## I.  Background

Defendants and sixteen other defendants were indicted in a two-count drug trafficking conspiracy on May 24, 2012; the last defendant of those that have appeared was arraigned on August 20, 2012.  Two defendants remain at large.  A superseding indictment, adding a money laundering count to one of the defendants and two new defendants, was filed on March 15, 2013.  The last defendant charged in the superseding indictment waived his arraignment on April 1, 2013.  Between June 28, 2013 and October 1, 2013, six defendants and the United States filed motions regarding the misjoinder of count three in the superseding indictment.  (See Docket Nos. 732, 804, 819, 836, 911, & 927.)  The Court issued a memorandum and order severing the third count on October 22, 2013.  (Docket No. 935.)  The defendants moved to dismiss the indictment beginning on January 28, 2014.  (Docket No. 1071.)  Trial of the first group of defendants ("Group One"), which includes the movants, is scheduled for February 24, 2014. (Docket No. 1070.)

## II. Defendants' Motion to Dismiss the Indictment

Defendants argue for the dismissal of the indictments against them due to violations of the STA and the Sixth Amendment.  The Court addresses each proffered ground for dismissal in turn.

### A.  Speedy Trial Act

The STA requires that trial commence within seventy days of the filing of an indictment, or the first appearance of the

Criminal No. 12-413 (FAB)                                                3

defendant in court, whichever is later.  18 U.S.C. § 3161(c)(1). Certain periods of delay, as outlined in section 3161(h)(1)-(9), are excluded from the seventy-day calculation.  Id. § 3161(h). These exclusions include delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Id. § 3161(h)(1)(D); see also Bloate v. United States, 559 U.S. 196, 205 (2010).  If trial does not commence by the end of seventy days plus the excluded periods, the "indictment shall be dismissed on motion of the defendant."  Id. § 3162(a)(2).

    Defendants contend that the indictment against them should be dismissed because more than seventy non-excludable days have elapsed since the time of their indictment without a trial, in violation of the STA.  The United States's principal argument in response is that because two indicted defendants are still fugitives that have never been arrested or arraigned, the STA has not even begun to run for any defendant.[2]  The cases cited by the government in support of this proposition are not controlling, and are distinguishable from this case because they involved delays of two and four months between the arraignment of the moving defendant

---

[2] The Court notes its frustration with the poor quality of the government's response.  The United States cursorily addressed defendants' STA arguments, and did not even respond to defendants' Sixth Amendment arguments.  "In a case of this magnitude and complexity, careful attention to both the legal claims made by [defendants] and the record evidence in support or opposition thereof is required."  United States v. Casas, 425 F.3d 23, 31 n.5 (1st Cir. 2005).

Criminal No. 12-413 (FAB)                                                4

and the fugitive defendant, whereas this case involves a twenty-month delay, and the two defendants remain fugitive.  See United States v. Souffront, 338 F.3d 809 (7th Cir. 2003); United States v. Sanora, 2010 WL 4638324, *1 (S.D. Ill. 2010).  Absent guidance from the First Circuit Court of Appeals indicating that the STA indefinitely awaits the appearance of fugitive defendants, even as the parties proceed to trial, the Court refuses to find that the STA clock has yet to begin running.

Defendants claim that the entire period from the filing of the superseding indictment on March 15, 2013, "with a few logical exceptions," consists of non-excludable days.  (Docket No. 1071 at p. 7.)  They also claim that certain time periods prior to the filing of the superseding indictment counted as STA days.  The superseding indictment in this case added two new defendants and one new count against a defendant named in the original indictment (Docket No. 518); accordingly, it reset the STA clock for all the defendants charged in the original indictment.  See United States v. Barnes, 251 F.3d 251, 258 (1st Cir. 2001) (affirming the district court's decision to reset the STA clock upon the filing of a superseding indictment that added a new defendant); United States v. Casas, 425 F.3d 23, 31 n.4 (1st Cir. 2005) ("initial appearances of co-defendants from whom appellants were later severed would also delay the start of the STA clock, provided the appearance occurred prior to severance."); cf. United

Criminal No. 12-413 (FAB)                                                5

States v. Rojas-Contreras, 474 U.S. 231, 236-37 (1985) (holding that the STA clock was not restarted upon return of a superseding indictment that merely corrected an error.)

Defendants contend, "even excluding certain time periods as a result of the [s]uperseding [i]ndictment," the STA's seventy-day time limit was violated.  (Docket No. 1071 at pp. 7-9.) Defendant Rivera offers, and his co-movants adopt, a calculation of 120 non-excluded days that have elapsed in violation of the STA. Rivera erroneously included in his computation, however, numerous excludable days prior to and after the filing of the superseding indictment.  Because the defendants have the burden of supporting their motion, the Court compares their calculations to the docket in this case in light of the relevant caselaw, arriving at the following STA computation.  First, as mentioned above, the STA clock was reset for defendants upon the filing of the superseding indictment on March 15, 2013, and did not begin to run until the last defendant waived his arraignment on April 1, 2013, reducing defendants' calculation by fifteen days.  See 18 U.S.C. § 3161(h)(6) (excluding a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"); Barnes, 251 F.3d at 258; Casas, 425 F.3d at 31 (citing Henderson v. United States, 476 U.S. 321, 323 n.2 (1986) (finding that the STA clock begins on the date of the last codefendant's

Criminal No. 12-413 (FAB)                                                6
_____

arraignment because "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant")).  Second, the STA was tolled by two defense pre-trial motions filed and disposed of on April 14, 2013 (Docket Nos. 597 & 599) and April 16, 2013 (Docket Nos. 607 & 608),[3] reducing defendants' calculation by two days.  "[A]ny defendant's motion resulting in excludable time toll[s] the STA clock for his codefendants."  United States v. Santiago-Becerril, 130 F.3d 11, 19 (1st Cir. 1997) (internal citations omitted).  Lastly, the STA was tolled on December 16, 2013, upon the filing of a defense pre-trial motion that remains pending (Docket No. 1009),[4] further reducing defendants' calculation by thirty-six days.  Because the STA is currently tolled by pending pre-trial motions, this computation

---

[3] These motions were filed by defendants Carlos Arce-Lopez and Annette Cancel-Lorenzana before they were severed from trial with the movants.  The Court tolls the movants' STA calculations accordingly.  See Casas, 424 F.3d at 31 n.4.

[4] In this motion, defendant Arce joined a pre-trial motion filed by defendant Cancel.  The Court counts the STA tolling from the date of Arce's joinder, rather than Cancel's motion, because Cancel had previously been severed from the movants, while Arce was not severed from the movants until January 21, 2014.  (See Docket Nos. 1006, 1059, & 1070.)

reveals that sixty-seven STA days have elapsed.[5]  Accordingly, no STA violation has occurred.

**B.     Sixth Amendment**

Defendants also move for dismissal of the indictment against them on Sixth Amendment grounds.  "Although unusual, it is possible for a delay that does not violate the STA to run afoul of the Sixth Amendment's guarantee of a speedy trial."  Casas, 425 F.2d at 33 (citing United States v. Salimonu, 182 F.3d 63, 69 (1st Cir. 1999) and 18 U.S.C. § 3173.).  In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts consider four factors:  (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her speedy trial right; and (4) prejudice to the defendant caused by the delay.  See Barker v. Wingo, 407 U.S. 514, 530 (1972).  None of the factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant."  Id. at 533.

---

[5] A less conservative calculation would also include a tolling of the STA between May 8, 2013 and June 17, 2013, while an *ex parte* defense pre-trial motion was pending (Docket Nos. 638 & 714), further reducing defendants' calculation by twenty-seven days and bringing it to a total of forty elapsed STA days.  See Henderson, 476 U.S. at 329 (concluding that delays relating to the resolution of pre-trial motions need not be "reasonably necessary" in order to be excluded).

     The length of pretrial delay is calculated from arrest or indictment, whichever occurs first. United States v. Muñoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999).  Here, the movants were indicted on May 24, 2012, exceeding the one-year point at which pretrial delay is generally considered presumptively prejudicial and triggers further inquiry.  See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992)(internal citations omitted).  Thus, the length of delay weighs in favor of defendants' Sixth Amendment claim.

     The second factor, however, weighs against the defendants.  Defendants claim that the government's tactical decisions — such as joining unrelated money laundering and weapons charges that were ultimately severed — resulted in months of unwarranted pretrial delay.  The Court finds, however, that the record includes scant evidence that the delay was entirely attributable to the government's misconduct or negligence.  Twenty-two people have been indicted in this complex drug conspiracy and money laundering case; the case docket includes over 1,000 entries.  While defendants claim that the government's "subterfuge" prevented the speedy trial clock from running, they allege no misconduct by the government.  (Docket No. 1071 at p.4 n.1.)  It appears that the delays were due in large part to the resolution of pre-trial matters concerning defendants and their co-defendants.  Further, "the joint prosecution of defendants involved in the same drug trafficking conspiracy is justified as a  means of serving the

Criminal No. 12-413 (FAB)                                                9

efficient administration of justice."  Casas, 425 F.3d at 34. Accordingly, the Court finds that the second factor weighs against a finding of a Sixth Amendment violation.

The third factor, the defendants' assertion of their speedy trial right, "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531-32.  Defendants Rivera and Camacho asserted their speedy trial rights early on in these proceedings.  (See Docket Nos. 203 & 836.) The other movants, however, do not claim to have asserted their speedy trial rights previously.  Thus, the third factor weighs in favor of Rivera and Camacho, but not against Martinez and Ortiz.

When considering the fourth factor, undue prejudice to the defendant caused by pretrial delay, courts focus primarily on three speedy trial interests:  (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532.  The Court also considers the extent to which delays attributable to the prosecution have specifically harmed these interests.  See, e.g., Rashad v. Walsh, 300 F.3d 27, 40 (1st Cir. 2002).  The most serious consideration is protection against impairment of the defense.  Barker, 407 U.S. at 532. Defendants contend that their defense has been prejudiced because they cannot locate two material witnesses who would potentially

Criminal No. 12-413 (FAB)                                                   10

offer exculpatory and impeachment evidence; they fail to explain, however, how the pre-trial delay has impaired this element of their defense. Rivera further contends that as a result of the prolonged pretrial delay, he lost his long-term employment and suffers from continued anxiety.  While the Court does not lightly brush off the anxiety surely experienced by all four movants, "considerable anxiety normally attends the initiation and pendency of criminal charges; hence only 'undue pressures' are considered."  Santiago-Berrecil, 130 F.3d at 23 (internal citation omitted).  Lastly, the Court considers Camacho's detention since June of 2012.  Nevertheless, Camacho's pretrial incarceration is insufficient on its own to establish a constitutional level of prejudice.  Cf. Casas, 425 F.3d at 34 (finding that forty-one months of pretrial incarceration, where much of the pretrial delay was attributable to defendants, did not constitute constitutional prejudice); Santiago-Becerril, 130 F.3d at 23 (finding fifteen months of pre-trial incarceration insufficient to create constitutional prejudice); Barker, 407 U.S. at 534 (finding that prejudice was minimal where the defendant spent ten months in pretrial incarceration); United States v. Koller, 956 F.2d 1408, 1414 (7th Cir. 1992) (eight and one half months of pretrial incarceration insufficient to establish prejudice.)  Because the movants have failed to show that the pretrial delay has impaired their defense, caused undue pressures,


Criminal No. 12-413 (FAB)                                                11

or resulted in oppressive pretrial incarceration, the Court finds that the fourth factor weighs against them.

After applying Barker's factors, the Court concludes that the movants' constitutional right to a speedy trial has not been violated.

### III. Conclusion

For the reasons articulated above, defendants' motions to dismiss the indictment for violation of the Speedy Trial Act and the Sixth Amendment are **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 6, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE