IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**,

v.

ORLANDO RIVERA-FUENTES [5],
ERNESTO MARTINEZ-GONZALEZ [7],
CARLOS CAMACHO-SANTIAGO [14],
RAFAEL RENOVALES-VAZQUEZ [16],

**Defendants.**

**CRIMINAL NO.** 12-413 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court are defendant Carlos Camacho-Santiago's motion requesting a discovery order (Docket No. 1094)[1] and the United States' response and motion *in limine* (Docket No. 1138). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion, and **GRANTS IN PART** and **DENIES IN PART** the United States' motion.

Defendants seek access to the transcripts, voice recordings, and expert reports of and relating to phone calls made to co-defense counsel Anita Hill, including but not limited to the records sealed at Docket Nos. 323 and 325. The United States does not oppose this request, but moves to preclude the defense from introducing extrinsic evidence of the phone calls at trial, and

---

[1] This motion was joined by defendants Orlando Rivera-Fuentes, Ernesto Martínez-González and Rafael Renovales-Vázquez. (Docket Nos. 1098, 1099 and 1113.)

Criminal No. 12-413 (FAB)                                              2

from referring to the expert reports.  Because the United States
does not oppose the defendants' request, defendants' motion is
**GRANTED IN PART** and **DENIED IN PART**.  The Court orders the United
States to provide the defendants with access to the materials
sought, including the documents at Docket Nos. 323-1 and 325-1, as
well as any transcript, voice recording, and expert report relating
to the October 2012 calls to attorney Anita Hill.  The defendants
will not have access, however, to any recording or voice exemplar
made by the expert voice analyst for the purposes of comparison.

The United States further moves pursuant to Federal Rule of
Evidence 403 to bar "any other evidence in relation to the alleged
phone call made to Counsel Hill," aside from cross-examination on
the matter, contending that such evidence will "unduly prejudice,
confuse the issues or mislead the jury."  (Docket No. 1138 at
p. 2.)  To the extent that the government seeks to preclude the
defendants' introduction of extrinsic evidence pursuant to Federal
Rules of Evidence 608(b) or 613(b), the government's motion is
**DENIED**.  Rule 608(b) does not preclude "extrinsic evidence offered
for general impeachment purposes, such as, for example,
contradictions, prior inconsistent statements, bias, or mental
capacity." United States v. Delgado-Marrero, 2014 WL 522462, at *8
(1st Cir. 2014) (granting a new trial where a district court
erroneously excluded extrinsic evidence of the government witness'
prior inconsistent statements).  That impeachment evidence is

Criminal No. 12-413 (FAB)                                                    3

relevant to the defendants' defense.  Furthermore, the Court previously stated, in an order denying expert voice analysis, that the "jury is 'perfectly well-equipped' to listen to the witnesses testify in court, compare their voices to the voice in the audio recordings, and draw conclusions about whose voice is in the audio recordings."  (Docket No. 936 at p. 4.)  The Court noted that such evidence would be admissible as long as the proponent of the audio recordings was able to sufficiently authenticate the recordings pursuant to Federal Rule of Evidence 901.  Id.  Because the Court found that defendant Carlos Arce-Lopez was "free at trial to challenge the reliability of the recordings and the witnesses' testimony through cross-examination and impeachment through prior statements," the Court finds no reason to deny the same opportunity to Arce-Lopez's co-conspirators.  The government has not demonstrated how — and the Court does not find that — the probative value of the evidence at issue is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or undue delay.  See Fed. R. Evid. 403.  Accordingly, the Court **DENIES** the United States' motion *in limine* regarding extrinsic evidence of the voice recordings.

     The Court previously barred voice analysis expert testimony as to defendants Arce-Lopez and Annette Cancel-Lorenzana (Docket No. 936); no circumstances here call for a different finding with regard to the moving defendants.  Accordingly, the United States'

Criminal No. 12-413 (FAB)                                                          4

motion *in limine* is **GRANTED** with respect to any voice analysis

expert reports, including the voice exemplars created by the voice

analyst for the purposes of an expert opinion.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, February 21, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge
